Ian McIntosh
Mac Morris
CROWLEY FLECK PLLP
1915 South 19th Avenue
P.O. Box 10969
Bozeman, MT 59719-0969
Telephone: (406) 556-1430
imcintosh@crowleyfleck.com
wmorris@crowleyfleck.com
*Attorneys for Trout on the Fly
   and Nathaniel Stevane*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| In the Matter of the Complaint of Trout on the Fly, LLC and Nathaniel Stevane, as owners and/or owners pro hac vice of 2012 SeaArk, Model: 1652-SLD, 16' long 52" wide; VIN/HIN – S0M35905D212,<br><br>Plaintiffs,<br><br>For Exoneration From or Limitation of Liability. | Cause No.:<br><br>**COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY** |

COME NOW Plaintiffs TROUT ON THE FLY, LLC and NATHANIEL STEVANE, as owners and/or owners *pro hac vice* of the 2012 SeaArk, Model: 1652-SLD, 16' long 52" wide, VIN/HIN – S0M35905D212. (hereafter, "Plaintiffs") in this admiralty action, alleging as follows:

1.   This is an action for exoneration from, or limitation of, liability under 46 U.S.C. § 30501 *et seq.*, a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is within the meaning of 28 U.S.C. § 1333, Rule 9(h) of the Federal Rules of Civil Procedure, and Rule F of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure.

2.   Plaintiff Trout on the Fly, LLC, is, and at all times relevant to this action was, a business entity doing business within, among others, Lewis and Clark County, in the State of Montana, and was the owner or owner *pro hac vice* of the 2012 SeaArk, Model: 1652-SLD, 16' long 52" wide, VIN/HIN – S0M35905D212 (hereafter, the "Boat").

3.   Plaintiff Nathaniel Stevane is an individual residing within Gallatin County, in the State of Montana, and is, and at all relevant times was, the owner or owner *pro hac vice* of 2012 SeaArk, Model: 1652-SLD, 16' long 52" wide, VIN/HIN – S0M35905D212, which was at all relevant times located within the jurisdictional waters of Lewis and Clark County, in the State of Montana, upon Holter Lake, an impoundment of the navigable waters of the Missouri River. The Boat is currently located in Gallatin County, Montana.

4.   Plaintiffs are informed and believe and thereon allege that 2 passengers were onboard the Boat at the time of the incident alleged herein, and

that there were approximately 3 passengers on 3 other boats concurrently engaged in the same recreational fishing activity.  Plaintiffs are therefore informed and believe, and on that basis allege, that there are at least 2 potential claimants in this action.

5.  Plaintiffs are informed and believe that one of the passengers, Craig Bristle, died during the incident voyage described herein.  Although Bristle was not a passenger on Plaintiffs' Boat at the time of the incident, and although the Boat played no part in the events described below, Carol Bristle, acting as Bristle's surviving wife and the personal representative of his estate, has filed suit against Plaintiffs.  Plaintiffs are informed and believe, and on that basis allege, that the action just described was filed on July 2, 2020, in the State of Montana's Eighteenth Judicial District Court for Gallatin County, Montana.  Plaintiffs' first written notice of that claim – or of any claim arising out of the incident alleged herein – came in the form of written correspondence from the Thurman Law Firm, dated February 13, 2020, in which that firm identified itself as having been retained to represent Bristle's family with respect to the claim just described.

6.  Plaintiffs are unaware of the true names and identities of fictitiously-named DOES 1 through 20, inclusive, and therefore sue them under such fictitious names.

7. There are no known liens or mortgages on the Boat, nor is there any pending freight or hire.

8. Neither the Boat, nor its appurtenances, nor its gear were damaged, destroyed, or lost during the incident voyage described herein. Instead, they remain tight, staunch, seaworthy and strong.

9. On information and belief, Plaintiffs allege the Boat, its appurtenances, and its gear had a value of $19,000 at the conclusion of the incident voyage described herein.

10. At all times, Plaintiffs used reasonable care to make the Boat seaworthy, and she was at all relevant times, tight, staunch, strong, fully and properly manned, equipped and supplied, and in all respects seaworthy and fit for the service in which she was engaged.

11. On information and belief, Plaintiffs allege that at approximately 0930 hours on April 28, 2019, the Boat, along with three other boats (including the boat on which Bristle was a passenger) departed the Gates of the Mountains Marina in Montana and headed southwest across the waters of Holter Lake, an impoundment of the navigable waters of the Missouri River, to engage in a recreational fishing trip. Plaintiffs are informed and believe, and on that basis allege, that one of the other boats took on water while crossing the lake, ultimately causing that boat to capsize. Plaintiffs are further informed and believe, and thereupon allege, that a

second boat attempted a rescue, but also capsized in the process. Bristle, who Plaintiffs are informed and believe, and thereupon allege, was a passenger on the second capsized boat, drowned at or shortly after the time that second boat capsized. Plaintiffs are informed and believe, and thereupon allege, that one or more of the other passengers on the two capsized boats suffered hypothermia. The Boat, which was in front of these other two boats at the time of the incident just described, had no notice of the events unfolding astern of the Boat, and played no part in the rescue attempt.

12. Prior to and at the inception of the voyage, the Boat was tight, staunch, seaworthy, and strong, and in all respects fit for the intended trip. The Boat was not under charter, had no cargo aboard and thus earned no freight or hire for the incident voyage within the meaning of Rule F of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions and 46 U.S.C. § 30501 *et seq*.

13. Plaintiffs are informed and believe, and thereon allege, that no one other than Bristle's alleged survivors have filed suit against Plaintiffs.

14. The incident and events described hereinabove, and all allegedly consequential injuries, damages, and deaths purportedly arising therefrom, occurred without the privity and knowledge of these Plaintiffs, and were not caused or contributed to by any negligence, fault, or knowledge on the part of

Plaintiffs, or anyone for whom Plaintiffs may be responsible, at or prior to the commencement of the above-described voyage.

15. Plaintiffs desire to invoke the benefits of exoneration from or limitation of liability provided by 46 U.S.C. § 30501 *et seq.*, and in the same proceeding Plaintiffs desire to contest their liability, and the liability of the Boat, for any alleged loss or damages arising out of the aforesaid incidents and events.

16. Plaintiffs are informed and believe, and on that basis allege, that the Boat, its appurtenances, gear, and pending freight had a value of $19,000 at the conclusion of the voyage described herein. Pursuant to Rule F(1) of the Supplemental Rules for Admiralty and Maritime Claims and Forfeiture Actions, Plaintiffs have, or upon Order of this Court will, deposit with the Court, for the benefit of claimants, a sum equal to the value of Plaintiffs' interest in the Boat and its pending freight, as well as such security for costs and interest at the legal rate of 6% per annum.

17. Not more than six months have elapsed between Plaintiffs' receipt of written notice of any claim or suit arising out of the aforementioned incident and the filing of this action for exoneration from or limitation of liability.

WHEREFORE, Plaintiffs pray as follows:

1. That the Court enter an order directing the issuance of a monition to all persons asserting claims against Plaintiffs and/or the Boat with respect to the

incident for which this Complaint seeks exoneration from, or limitation of, liability, admonishing them to file their respective claims with the Clerk of this Court, to serve a copy thereof on the attorneys for Plaintiffs, and to appear and answer the allegations of this Complaint, on or before a date to be fixed by the Court in the notice;

      2.      That the Court enter an order directing the execution of the monition and publication of notice thereof in such newspaper(s) as the Court may direct, once a week for four (4) consecutive weeks prior to the date fixed by the Court for the filing of such claims, all as provided for by law and Rule F(4) of the Federal Rules of Civil Procedure, Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions;

      3.      That the Court, upon issuance of the monition, enter an order restraining the prosecution of any and all suits against Plaintiffs and/or the Boat, which may already have been commenced by any person or entity to recover damages as a result of the April 28, 2019 incident described herein, and for which this Complaint seeks exoneration from, or limitation of, liability, and restraining the commencement and prosecution of any additional or unknown lawsuits, whether new or old, or any legal proceedings, against Plaintiffs and/or the Boat, with respect to any claims arising from the April 28, 2019 incident described

above, and for which this Complaint seeks exoneration from, or limitation of, liability;

4.     That the Court permit Plaintiffs to contest their liability, if any, for all injuries, damages, and/or deaths arising from the April 28, 2019 incident, and for which this Complaint seeks exoneration from, or limitation of, liability, and that this Court, in this proceeding, adjudge that Plaintiffs and the Boat are to be completely exonerated from liability arising out of the incident on April 28, 2019, and for which this Complaint seeks exoneration from, or limitation of, liability, and that no liability exists on the part of Plaintiffs and/or the Boat for any injuries, damages, and/or deaths resulting from that incident;

5.     In the event it is found by this Court that liability exists on the part of Plaintiffs or the Boat, by reason of the injuries, damages and/or deaths, that the Court adjudge that such liability shall in no case exceed the value of Plaintiffs' interest in the Boat, if any, as the same existed immediately following the incident described herein, and that a decree be made discharging Plaintiffs from any further liability beyond that amount; and

6.     That Plaintiffs receive such other and further relief as this Court may deem just and proper under the circumstances.

DATED this 12th day of August, 2020.

                      CROWLEY FLECK PLLP

                By: /s/ Ian McIntosh
                    Ian McIntosh
                    Mac Morris